UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ZIBA MONFARED, :
:
         Plaintiff, :
    v. : No. 5:15-cv-04017
:
ST. LUKE'S UNIVERSITY HEALTH :
NETWORK; :
ST. LUKE'S PHYSICIAN GROUP, INC.; :
NAZARETH FAMILY PRACTICE, :
:
         Defendants. :
_____

## MEMORANDUM OPINION AND ORDER

**Plaintiff's Request for Stay of Proceedings, ECF No. 16 – Denied as Moot**
**Defendants' Request for Sanctions, ECF No. 18 – Denied**
**Plaintiff's Motion for Reconsideration, ECF No. 19 – Denied**
**Plaintiff's Motion to Withdraw Notice of Appeal, ECF No. 20 – Granted**

**Joseph F. Leeson, Jr.**                                                                                 **June 8, 2016**
**United States District Judge**

### I.    Introduction

On April 22, 2016, the Court entered an Opinion and Order, ECF No. 14, granting Defendants' Motion to Compel Arbitration, ECF No. 7. Although Defendants had also requested that the Court stay proceedings during the pendency of the arbitration, the Court did not do so at that time because the Court ordered further discovery and briefing concerning Monfared's ability to afford the costs of arbitration. Following the Court's Opinion and Order, Monfared filed a notice of appeal of the Court's decision, as well as a letter to the Court requesting a stay of proceedings during the pendency of her appeal. ECF Nos. 16, 17. In response, Defendants filed a memorandum in opposition to Monfared's request, contending that the request did not comply with the Court's procedures, that Monfared was not entitled to an appeal, and that the request for

1

a stay was "so frivolous and so contrary to established law that Defendants should be awarded attorney's fees" for having to respond to it. Defs.' Mem. Opp'n 4, ECF No. 18. Thereafter, Monfared filed a Motion to Withdraw her Notice of Appeal, pursuant to Federal Rule of Appellate Procedure 42(a). Monfared also filed a Motion for Reconsideration of the Court's April 22, 2016 Opinion and Order, contending that the Court's decision rested on a manifest error of law. She also asks that if the Court denies her Motion for Reconsideration, the Court clarify whether it intends to stay this action.

**II.     Legal Standard - Motion for Reconsideration**

Neither Rule 59(e) nor 60(b) applies to Monfared's Motion for Reconsideration because the order she seeks to have reconsidered is not a final judgment or order but rather an interlocutory decision. See Jairett v. First Montauk Sec. Corp., 153 F. Supp. 2d 562, 579 (E.D. Pa. 2001); Am. Guar. & Liab. Ins. Co. v. Fojanini, 99 F. Supp. 2d 558, 560 (E.D. Pa. 2000). Instead, Monfared's only recourse is to this Court's "inherent power over interlocutory orders," which permits the Court to "reconsider them when it is consonant with justice to do so." See United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) (citing United States v. Bryson, 16 F.R.D. 431, 435 (N.D. Cal. 1954), aff'd, 238 F.2d 657 (9th Cir. 1956)); Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment (observing that interlocutory orders are "subject to the complete power of the court rendering them to afford such relief from them as justice requires"); In re Res. Am. Sec. Litig., No. CIV. 98-5446, 2000 WL 1053861, at *2 (E.D. Pa. July 26, 2000) (resorting to the court's inherent powers to reconsider an interlocutory order). This power should be exercised sparingly, however, to preserve the interest in finality inherent in judicial decision-making. See In re Res. Am. Sec. Litig., 2000 WL 1053861, at *2 (citing Rottmund v. Cont'l Assurance Co., 813 F. Supp. 104, 1107 (E.D. Pa. 1992)). Thus, "[c]ourts

tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under [Rule] 59(e)." A&H Sportswear Co. v. Victoria's Secret Stores, Inc., No. Civ.A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001) (Van Antwerpen, J.). The purpose of a motion under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence," which means that "[a] proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

### III.     Plaintiff's Motion for Reconsideration is denied.

Monfared's Motion for Reconsideration concerns the Court's interpretation of the arbitration clause in her written employment agreement with Defendants. The clause is found in a section of the agreement titled "Governing Law; Dispute Resolution," which reads as follows:

> This letter agreement shall be deemed to have been made and shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania. In any equitable action for specific performance or injunctive relief, the parties hereby submit to the jurisdiction of the Courts of Lehigh County, Commonwealth of Pennsylvania. Except for actions for specific performance or injunctive relief, if a dispute or claim should arise that does not get resolved through negotiation of the parties, the parties will attempt in good faith to resolve the dispute or claim by mediation administered by the American Arbitration Association (AAA) under its Employment Mediation Rules, before resorting to arbitration. . . . If the matter has not been resolved within sixty (60) days of the initiation of such procedure, or if either party refuses to participate in the mediation, the controversy shall be resolved by binding arbitration under the Employment Arbitration Rules of the AAA, by one neutral arbitrator. . . . THE ARBITRATOR SHALL NOT AWARD ANY PARTY PUNITIVE OR EXEMPLARY DAMAGES, AND EACH PARTY HEREBY IRREVOCABLY WAIVES ANY RIGHT TO SEEK SUCH DAMAGES. All costs of mediation or arbitration shall be evenly divided between the parties, exclusive of each party's legal fees, each of which shall be borne by the party that incurs them.

See Pinel Aff. Ex. B, at 8, ECF No. 7-2.

In the Court's April 22, 2016 Opinion, the Court found that there was doubt concerning the scope of the clause, and that, in view of the presumption in favor of arbitrability, the clause encompassed Monfared's Title VII and § 1981 employment discrimination claims against Defendants.

Monfared contends that the Court's decision did not properly apply controlling precedent. In particular, Monfared relies on the case of CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165 (3d Cir. 2014), in which the court reversed a district court's grant of an order compelling arbitration. In that case, the arbitration clause at issue expressly stated that it applied only to "[d]isputes that might arise between the parties regarding the performance or interpretation of the [parties'] Agreement." Id. at 173. Based on this language, the court held that the clause unambiguously "implicat[ed] [only] interpretation or performance of the contract per se," id. at 174 n.7 (quoting Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd., 1 F.3d 639, 642 (7th Cir. 1993)), and did not "sweep beyond the confines of the contract," id.

Unlike the clause at issue in CardioNet, however, the clause at issue here is not expressly limited to disputes "regarding the performance or interpretation" of the parties' agreement. Rather, the clause states that the parties shall arbitrate "if a dispute or claim should arise." This phrase is open-ended and, by itself, says nothing about the source or subject matter of the dispute or claim that "should arise." Monfared contends that the first sentence of the paragraph in which the arbitration clause is found—which states, "This letter agreement shall be deemed to have been made and shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania"—necessarily limits the scope of the clause to only those disputes regarding the performance and interpretation of the agreement. As the Court observed in

4

its Opinion, this is indeed a plausible interpretation of the clause. However, in view of the open-endedness of the clause, it is equally plausible to read the clause as encompassing not only disputes regarding the performance and interpretation of the agreement but also, more broadly, disputes arising out of or related to the agreement and the employment relationship established by that agreement, including the employment discrimination claims at issue here. In short, the competing interpretations offered by Monfared and Defendants are equally plausible; for this reason, the clause is ambiguous, and it is appropriate to apply the presumption in favor of arbitrability. See CardioNet, Inc., 751 F.3d at 173 ("[T]he presumption of arbitrability applies only where an arbitration agreement is ambiguous about whether it covers the dispute at hand.").

Monfared correctly points out that the presumption in favor of arbitrability should not be read too broadly. In this respect, the Third Circuit has held that "while interpretive disputes should be resolved in favor of arbitrability, a compelling case for nonarbitrability should not be trumped by a flicker of interpretive doubt." See Gay v. CreditInform, 511 F.3d 369, 387 (3d Cir. 2007) (quoting Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir. 2001)). Here, however, the clause at issue creates more than just a flicker of interpretive doubt; for the reasons explained above, the clause is ambiguous, such that the competing interpretations offered by Monfared and Defendants are equally plausible.

Monfared also suggests that the presumption in favor of arbitrability appropriately is applied only after the Court has first made a finding that the arbitration clause at issue is "broad" in nature. In CardioNet, the Third Circuit stated that "[t]he presumption of arbitrability is 'particularly applicable' where the arbitration clause is a broad one," which implies that the presumption may also be applicable (although perhaps not particularly so) when the clause is not broad in nature. See CardioNet, Inc., 751 F.3d at 174 n.7 (quoting AT & T Techs., Inc. v.

5

Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)). In any event, in view of its lack of express limitations to particular subject matter, the clause at issue here is indeed broad in nature. See United Steelworkers of Am., AFL–CIO–CLC v. Rohm & Haas Co., 522 F.3d 324, 331 (3d Cir. 2008) ("Cases holding that the arbitration clauses at issue are narrow have generally relied on language expressly limiting the scope of the clause to specific subject matter." ). Thus, because the clause is both ambiguous and broad, the presumption in favor of arbitrability is "particularly applicable."

For these reasons, the Court does not perceive a manifest error of law in its Opinion and Order, and the Court accordingly denies Monfared's Motion for Reconsideration.

## IV. The Court will stay this matter following discovery and briefing on the issue of the costs of arbitration.

As noted above, in their Motion to Compel Arbitration, Defendants requested that the Court stay proceedings during the arbitration. The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3. Because the Court has determined that Monfared's claims are arbitrable, and because Defendants have requested a stay, the Court will stay this action pending arbitration. However, the Court will do so only after discovery and briefing on the issue of Monfared's ability to pay the costs of arbitration, as discussed in the Court's previous decision. The deadlines for the completion of this discovery and briefing are set forth in the Stipulation approved by the Court on May 18, 2016. ECF No. 23.

### V. Monfared's Motion to Withdraw her Notice of Appeal Pursuant to Fed. R. App. P. 42(a) is granted.

Monfared contends that she should be permitted to withdraw her Notice of Appeal pursuant to Federal Rule of Appellate Procedure 42(a), which states that "[b]efore an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties." Because Monfared's appeal has not been docketed by the circuit clerk, Monfared's Motion to Withdraw her Notice of Appeal is granted.

### VI. Defendants' request for sanctions is denied.

As set forth above, following the Court's April 22, 2016 Opinion and Order, Monfared filed a (now withdrawn) Notice of Appeal and a letter to the Court requesting a stay pending her appeal. Defendants contend that Monfared's request for a stay was frivolous and that they should be awarded attorney's fees for having to respond to it. Monfared explains that the Court's April 22, 2016 Opinion and Order "did not identify when compelling arbitration that the above-captioned matter would be stayed or whether it would retain jurisdiction," and that she therefore believed that the Court's decision was immediately appealable. In light of this explanation, the Court finds that Monfared's counsel acted reasonably and in good faith, and that there is no basis for sanctions.

### VII. Order

**ACCORDINGLY**, this 8th day of June, 2016, **IT IS ORDERED THAT**:

1. Plaintiff's Request for Stay of Proceedings, ECF No. 16, is **DENIED as moot**;
2. Defendants' Request for Sanctions, ECF No. 18, is **DENIED**;
3. Plaintiff's Motion for Reconsideration, ECF No. 19, is **DENIED**;
4. Plaintiff's Motion to Withdraw Notice of Appeal, ECF No. 20, is **GRANTED**;

5. As set forth in the Stipulation approved by the Court on May 18, 2016, ECF No. 23, the parties shall have until **June 22, 2016**, to complete discovery on the issue of the costs of arbitration and Monfared's ability to pay those costs. No later than **June 29, 2016**, Monfared shall file any brief in support of her contention that the allocation of the costs of arbitration called for by the Letter Agreement is unconscionable. Defendants shall file any brief in response no later than **July 6, 2016**.

                                            BY THE COURT:


                                            */s/ Joseph F. Leeson, Jr.*
                                            JOSEPH F. LEESON, JR.
                                            United States District Judge